Filed 3/3/23  P. v. Williams CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B322056 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA099542) |
| v. | |
| TIMOTHY THOMAS WILLIAMS, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Timothy Thomas Williams appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former section

---

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

1170.95),[2] which allows defendants convicted of felony murder under superannuated legal standards to seek resentencing relief.

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record. Under the standard articulated in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we decline counsel's invitation to undertake an independent review of the record. Instead, we evaluate the arguments defendant raises in his letter brief. (*Delgadillo, supra,* at pp. 231–232.) Finding none of his arguments meritorious, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.  The Murder Conviction and Sentence[3]

"On August 6, 1996, a jury convicted defendant . . . of first degree murder (Pen. Code, § 187, subd. (a); count 1) with a robbery-murder special circumstance finding (§ 190.2, subd. (a)(17)), robbery (§ 211; count 2), assault with a firearm (§ 245, subd. (a)(2); count 3), and conspiracy to commit robbery (§ 182, subd. (a)(1); count 13). As to counts 1 through 3, the jury also found principal firearm use allegations to be true. (§ 12022, subd. (a)(1).) He was sentenced to life without the possibility of parole plus 10 years four months. On direct appeal, we modified defendant's sentence to strike a four-month principal armed enhancement attached to count 3 and affirmed the judgment as

---

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

[3]    On December 8, 2022, defendant filed a request for judicial notice asking us to take notice of our opinion in his prior, related appeal. We grant the request.

modified. [Citation.].)"  (*People v. Williams* (May 4, 2021, B304345) [nonpub. opn.], at p. 2, fn. omitted (*Williams I*).)

## II.    Petition for Resentencing

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437) in order to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)

Effective January 1, 2019, Sen. Bill 1437 added former section 1170.95, subd. (a), creating a procedure whereby a person convicted of, as relevant here, "murder under . . . [any] theory under which malice is imputed to a person based solely on that person's participation in a crime, [or] attempted murder under the natural and probable consequences doctrine," but who could not now be convicted, can petition to have the murder conviction vacated and to be resentenced.  (Stats. 2018, ch. 1015, § 4.)

"On March 18, 2019, defendant filed [his first] petition for resentencing pursuant to section 117[2.6].  Over the People's opposition, the trial court found that defendant had established a prima facie case and held an evidentiary hearing pursuant to section 117[2.6], subdivision (d).  Following the presentation of evidence and argument, the trial court denied defendant's petition, finding that (1) he was a direct aider and abettor who had the intent to kill, and (2) he was a major participant in the crimes who acted with reckless indifference to human life."  (*Williams I*, *supra*, B304345, at p. 2.)  Defendant appealed, and we affirmed the trial court's order.  (*Id.* at p. 2.)

3

On January 27, 2022, defendant filed a second petition for resentencing pursuant to section 1172.6. On June 7, 2022, the trial court denied the petition, finding that it "raised identical issues to those of [defendant's] first petition," and was thus "a successive petition" subject to denial. The court explained that defendant "has offered no explanation or justification as to why he has filed a second petition," nor had he "presented new evidence" suggesting that his claims for resentencing should be reevaluated.

This appeal followed. Defendant's appointed counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 raising no issues.[4]

On October 26, 2022, we notified Williams of his counsel's brief and gave him leave to file his own brief or letter stating grounds for appellate relief. On December 8, 2022, he filed a letter brief.

## DISCUSSION

Per *Delgadillo*, we will "evaluate the specific arguments presented in [defendant's supplemental] brief," but will not undertake an "an independent review of the entire record to

---

[4] Although "the procedures set forth in *Wende* do not apply to appeals from the denial of postconviction relief," such as the resentencing relief provided by former section 1170.95, counsel has similar duties when representing a defendant appealing from the denial of postconviction relief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted Oct. 14, 2020, S264278; see also *Delgadillo*, *supra*, 14 Cal.5th at p. 231 ["When appointed counsel finds no arguable issues to be pursued on appeal . . . counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition"].)

identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

In his supplemental brief, defendant argues that neither the trial court nor this court has ever evaluated the extent to which his youth[5] mitigates his capacity to act with reckless indifference to human life, and that section 1172.6 entitles him to a second resentencing hearing at which his youth can be appropriately considered.

This argument is improper for several reasons. As a preliminary matter, defendant arguably forfeited this argument by failing to raise it before the trial court; he made no mention of any issue related to his age in either the operative resentencing petition or the initial hearing on the petition. (*People v. Vargas* (2022) 84 Cal.App.5th 943, 949, fn. 5 ["[F]ailure to press lower court for a ruling deprives that court of opportunity to correct potential error and forfeits the issue for appeal"].)

Even assuming that the argument is properly before us, it would fail on its merits. Defendant correctly identifies youth as one relevant factor in assessing whether a person acted with reckless indifference to human life per section 1172.6, but he cannot demonstrate that this legal principle entitles him to a second evidentiary hearing under that statute.

In denying defendant's original resentencing petition, the trial court found that he was a "direct aider and abettor who had the intent to kill" (*Williams I*, *supra*, B304345, at p. 2), only *alternately* concluding that he was also a major participant in the crimes who acted with reckless indifference to human life. The trial court's first finding, which defendant does not challenge

---

[5] At the time of his participation in the underlying crimes, defendant was 23 years old.

5

here, sufficiently establishes that defendant is "guilty of murder or attempted murder under California law as amended by the changes to Section . . . 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3); see also § 189, subd. (e)(2) [a person is guilty of murder if he "was not the actual killer, but, with the intent to kill, aided [or] abetted . . . the actual killer in the commission of murder in the first degree"].) Thus, defendant remains ineligible for relief under section 1172.6 regardless of whether the trial court had the opportunity to consider whether his youth mitigated his ability to act with reckless indifference towards human life.

Additionally, it is not clear whether the trial court was ever deprived of such an opportunity. Defendant principally argues that several recent appellate cases addressing a defendant's youth as a mitigating factor constitute an intervening change in the law, and that neither the trial court nor we had occasion to "consider [defendant's] youth as a mitigating factor" when evaluating his original resentencing petition. (See, e.g., *In re Moore* (2021) 68 Cal.App.5th 434, 454 (*Moore*) [holding that "a defendant's youth is a relevant factor in determining whether the defendant acted with reckless indifference to human life"]; *People v. Ramirez* (2021) 71 Cal.App.5th 970 (*Ramirez*) [same].) We are not persuaded that these cases represent a change in the law, as they simply summarize existing legal principles regarding youth as a mitigating factor. (See, e.g., *Miller v. Alabama* (2012) 567 U.S. 460, 476 ["'the background and mental and emotional development of a youthful defendant [must] be duly considered' in assessing his culpability"]; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1375–1378 [same].) These principles were just

6

as available for the trial court to consider (and for defendant to argue, had he chosen to do so) in 2019 as they are today.

Lastly, assuming arguendo that these cases did constitute an intervening change in law, it is not clear whether defendant is entitled to their benefit. Defendant was 23 years old when the underlying crimes were committed; in all the cases he cites where a person's youth potentially mitigated his culpability sufficiently to warrant remand for a section 1172.6 hearing, the defendant was 18 years of age or younger. (*People v. Harris* (2021) 60 Cal.App.5th 939, 944, review granted Apr. 28, 2021, S267802, abrogated on other grounds by *People v. Lewis* (2021) 11 Cal.5th 952 [defendant 17 years old]; *Moore*, *supra*, 68 Cal.App.5th at p. 453 [defendant 16 years old]; *Ramirez*, *supra*, 71 Cal.App.5th at p. 976, fn. 2 [defendant 18 years old].) Defendant does not cite binding legal authority extending the benefit of this mitigating factor to persons over the age of 18.[6]

---

[6] Defendant's sole citation for this proposition is Justice Liu's concurring statement to our Supreme Court's denial of a petition for review in *People v. Montelongo* (2020) 55 Cal.App.5th 1016, review denied Jan. 27, 2021, S265597. The concurrence, which analyzes our state's parole eligibility laws, eloquently argues for all offenders under the age of 25 to have equal access to special rehabilitative measures designed for youthful offenders, but recognizes that our Legislature currently distinguishes between perpetrators who were minors and those who were 18 years old or older when they committed an offense for which they were sentenced to life without the possibility of parole. This does not convince us that defendant, who was 23 when he committed the crime for which he was sentenced to life without the possibility of parole, is necessarily entitled to mitigation of culpability due to his youth.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J.    CHAVEZ, J.    HOFFSTADT, J.